*Quinn v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-three.

PRESENT:    ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            ALISON J. NATHAN,
                 *Circuit Judges.*

_____

FRANCIS PAUL QUINN, JR., LORI ANN QUINN,

               *Plaintiffs-Appellants*,

      v.

CITY OF NEW YORK, NEW YORK CITY
     DEPARTMENT OF TRANSPORTATION,

               *Defendants-Third-Party*
                   *Plaintiffs-Appellees*,

      v.

22-709

CONSOLIDATED EDISON, INC.,

               *Third-Party Defendant.*

_____

For Appellants:                                    NATHANIEL Z. MARMUR, The Law Offices of
                                                   Nathaniel Z. Marmur, PLLC, New York, NY.

For Appellees:                                     LAUREN L. O'BRIEN (Richard Dearing,
                                                   Devin Slack, Chloe K. Moon, *on the brief*),
                                                   of Counsel, *for* Sylvia O. Hinds-Radix,
                                                   Corporation Counsel of the City of New
                                                   York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this summary order.

Plaintiffs-Appellants Francis and Lori Quinn sued the City of New York and the New York City Department of Transportation (collectively, the City) for injuries related to a trip-and-fall accident. The Quinns appeal the district court's grant of the City's motion to dismiss based on the doctrine of judicial estoppel. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Background

Francis Quinn alleges that in July 2019, while he was traversing a crosswalk in midtown Manhattan, his foot caught in an exposed pothole abutting a Consolidated Edison, Inc. (Con Ed) gas cap. Francis's foot twisted and he fell, permanently injuring himself and compromising his lucrative career as a professional golfer. Within weeks, Francis and his wife Lori Quinn sued Con Ed, alleging that it negligently installed the gas cap and breached its statutory duty to maintain the portion of the street within twelve inches of the gas cap. *See* Complaint, *Quinn v. Consol. Edison Co. of N.Y., Inc.*, No. 19-cv-6538 (S.D.N.Y. July 15, 2019). The Quinns did not join the City in the action, though Francis separately served the City with a notice of claim. Following discovery

2

and confidential mediation before a magistrate judge, the Quinns and Con Ed settled for almost $2.5 million and the district court dismissed the case in February 2020. The following month, the Quinns commenced this action against the City, seeking damages for the same trip-and-fall incident. The Quinns allege that Francis's injury was partially attributable to the City's affirmative negligence in creating and/or improperly repairing the pothole in the crosswalk.

The City moved to dismiss the complaint under the doctrine of judicial estoppel, arguing that the Quinns' previous action against Con Ed barred them from bringing this case against the City. The district court granted the motion, reasoning that judicial estoppel was appropriate because (1) the Quinns' allegations in the two actions regarding the cause of and responsibility for the accident were clearly inconsistent, (2) the Quinns' allegations against Con Ed were adopted by the court in the previous action, and (3) allowing the action against the City to proceed would unfairly advantage the Quinns. *See Quinn v. City of New York*, No. 20-cv-2666, 2022 WL 874852, at *3–7 (S.D.N.Y. Mar. 24, 2022).[1] The Quinns timely filed a notice of appeal.

## II. Discussion

Judicial estoppel is an equitable doctrine that courts may invoke at their discretion to prevent parties from relying on an argument after prevailing on a contradictory one in a prior legal proceeding. The doctrine's purpose is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (cleaned up). We review a district court's invocation of judicial estoppel for abuse of discretion. *Clark v. AII Acquisition,*

---

[1] The district court also found that the Quinns' trial counsel Joseph Napoli—who is not representing the Quinns on appeal—repeatedly misled the courts and opposing parties by concealing the Quinns' strategy of filing two separate actions, for example, by not marking this action as related to the prior one when he filed. Accordingly, the district court ordered Napoli to show cause why his conduct did not violate ethical rules. *Quinn*, No. 20-cv-2666, 2022 WL 874852, at *7. The district court stayed the sanctions proceedings against Napoli pending resolution of this appeal.

3

*LLC*, 886 F.3d 261, 265 (2d Cir. 2018).

Courts may apply judicial estoppel only if "(1) a party's later position is clearly inconsistent with its earlier position, and (2) the party's former position has been adopted in some way by the court in an earlier proceeding." *Ashmore v. CGI Grp., Inc.*, 923 F.3d 260, 272 (2d Cir. 2019). In most but not all cases, we also require a showing that (3) "the party asserting the two inconsistent positions would derive an unfair advantage against the party seeking estoppel." *Id.* The Quinns argue that the district court abused its discretion because none of the requirements for judicial estoppel were present. We agree that the district court legally erred in finding adoption, and we therefore decline to reach its analysis of clear inconsistency and unfair advantage.

It is well established in this Circuit that "[a] settlement neither requires nor implies any judicial endorsement of either party's claims or theories, and thus a settlement does not provide the prior success necessary for judicial estoppel." *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1038 (2d Cir. 1993) (cleaned up). Contrary to this precedent, the district court held that the Quinns' position in the action against Con Ed was adopted by that court even though the action was resolved by a settlement. The district court acknowledged the *Bates* line of cases but reasoned that "in this case, the settlement was not an out of court agreement," because a magistrate judge proposed the $2.5 million settlement after holding a mediation hearing and reviewing an extensive record. *Quinn*, No. 20-cv-2666, 2022 WL 874852, at *5. The district court regarded the magistrate judge's involvement and $2.5 million settlement proposal as evidence that it credited the Quinns' allegations against Con Ed. However, a magistrate judge could recommend a substantial settlement for a variety of reasons, such as the mitigation of risk, without determining that a plaintiff had a winning claim. Holding that the proposal of a settlement counts as adoption would constitute a novel exception to *Bates*. The district court and the City rely on several cases

4

within this Circuit which they claim applied judicial estoppel following judicially approved settlements. However, the cases they cite are neither binding nor factually on-point. For example, judicial estoppel has been invoked in bankruptcy cases against a party where a court was *required* to adopt the party's prior position in order to approve a settlement because third-party interests were involved. *See In re B & M Linen Corp.*, No. 12-11560, 2013 WL 3579340, at *7 (Bankr. S.D.N.Y. July 12, 2013) (applying judicial estoppel because "[i]n order for this Court to approve the Debtor's stipulation granting Con Ed a claim . . . the Debtor had to and did convince this Court that Con Ed had a substantial claim and that compromise of that claim was reasonable"). Here, the magistrate judge's involvement in a settlement conference and settlement recommendation do not constitute "judicial endorsement of either party's claims or theories." *Bates*, 997 F.2d at 1038 (citation omitted). Therefore, the district court abused its discretion in dismissing the Quinns' complaint under the doctrine of judicial estoppel.

\* \* \*

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5